```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
BERNARD THOMAS,                          :
                                         :
                    Petitioner,          :    03 Civ. 1443 (DLC)
                                         :
       -v-                               :    MEMORANDUM OPINION
                                         :         AND ORDER
THE PEOPLE OF THE STATE OF NEW YORK,     :
                                         :
                    Respondent.          :
-----------------------------------------X
```

DENISE COTE, District Judge:

On March 3, 2003, Bernard Thomas ("Thomas") filed a petition for a writ of habeas corpus pursuant to Title 28, United States Code, Section 2254, following his conviction at trial in 1999. In an Opinion and Order dated August 29, 2007, Thomas's petition was denied ("August 29 Opinion"), and judgment to that effect was entered by the Clerk of Court on that date. Thomas filed a notice of appeal on September 17, 2007. On November 29, 2007, this Court's Pro Se Office received a letter from Thomas styled as a motion for "reconsideration and or reargument," signed and dated November 21, 2007. The Court accepted Thomas's motion for filing on November 30, 2007.

Thomas's motion must be dismissed as untimely and without merit. Southern District of New York Local Civil Rule 6.3 requires that any motion for reconsideration or reargument be filed within ten days of the entry of judgment; Thomas's motion

was filed eighty-four days after the entry of judgment.  In
addition, assuming Thomas's motion could be considered timely
under Fed. R. Civ. P. 60(b), see United States v. Clark, 984
F.2d 31, 34 (2d Cir. 1993), it may be noted that a motion for
relief from judgment pursuant to Rule 60(b) is "generally not
favored and is properly granted only on a showing of exceptional
circumstances."  United States v. Int'l Bhd. of Teamsters, 247
F.3d 370, 391 (2d Cir. 2001).  "The standard for granting such a
motion is strict, and reconsideration will generally be denied
unless the moving party can point to controlling decisions or
data that the court overlooked."  Shrader v. CSX Transp., Inc.,
70 F.3d 255, 257 (2d Cir. 1995).  Applying this standard to the
instant motion, it is clear that Thomas has failed to establish
any ground justifying reconsideration or reargument.  Thomas's
motion both offers new arguments and retraces issues decided in
the August 29 Opinion, but does not identify factual or legal
arguments overlooked by the Court permitting reconsideration of
that Opinion.[1]

---

[1] Although the filing of a notice of appeal generally deprives a
district court of jurisdiction, see United States v. Rogers, 101
F.3d 247, 251 (2d Cir. 1996), a district court properly may deny
a Rule 60(b) motion after the filing of such a notice.  See
Selletti v. Carey, 173 F.3d 104, 109 (2d Cir. 1999).

CONCLUSION

Thomas's motion for reconsideration or reargument is dismissed as untimely and without merit.

SO ORDERED:

Dated: New York, New York
December 7, 2007

                                          DENISE COTE
                              United States District Judge

COPIES SENT TO:

Bernard Thomas
99-A-2004
P.O. Box 1245
Fishkill Correctional Facility
Beacon, NY 12508

Luke Martland
Kimberly Morgan
Office of the New York State
    Attorney General
120 Broadway
New York, NY  10271